J. A03008/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| J.R.W. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| E.J.W. | : | |
| | : | No. 1650 EDA 2015 |

Appeal from the Order August 12, 2015
In the Court of Common Pleas of Chester County
Civil Division No(s).: 09-13979

BEFORE: GANTMAN, P.J., MUNDY,J., and DUBOW, J.

MEMORANDUM BY DUBOW, J.:                    **FILED MARCH 31, 2016**

Appellant, J.R.W., (Mother) appeals, *pro se*, from the August 12, 2015 order of the Court of Common Pleas of Chester County denying Mother's Petition to Relocate from Pennsylvania to Florida with her two sons and ordering the current custody order, granting shared legal and physical custody to Mother and Appellee, E.J.W., (Father) to remain in place as long as Mother continues to live in Pennsylvania. After careful review, we conclude the trial court properly analyzed the sixteen custody factors[1] and the ten relocation factors[2] and the record supports the trial court's findings. Therefore, we affirm.

---

[1] 23 Pa.C.S. § 5328(a).

[2] 23 Pa.C.S. § 5337(h).

## FACTUAL AND PROCEDURAL HISTORY

Mother and Father were married in Florida in 2002. Trial Ct. Op. and Custody Order, dated 5/13/15, at 1 (TCO, 5/13/15). Their sons, A.W. (DOB: 12/03) and D.W. (DOB: 2/05), were both born in Florida.[3] *Id.* In 2006, the family moved to Pennsylvania. *Id.* In December of 2007, Mother and Father were having relationship issues and Mother moved back to Florida. The children spent several months living with each parent until August of 2008 when Mother and Father reconciled in Pennsylvania. N.T., 4/29/15, at 21-24. From August of 2008 until December of 2014 all parties continuously lived in Pennsylvania. TCO, 5/13/15, at 1. The parties separated in May of 2009 and divorced in 2010. *Id.* Since February 12, 2010, both parties have shared legal and physical custody of their sons, and the children have spent equal time with both parents. Trial Ct. Op., dated 9/16/15, at 1 (TCO, 9/16/15).

Both parties have since remarried. *Id.* at *2.* Mother has a fourth child with her new husband and Father has three new stepchildren with his new wife. N.T. at 34, 109.

---

[3] When Mother and Father got married, Mother had a daughter named T.C. who became Father's stepdaughter. Father considers T.C. to be "his own daughter." T.C. informally participates in all of the custody arrangements that Mother and Father have in place for A.W. and D.W., and spends half of her time with Father. However, T.C. is not a subject of the Petition for Relocation that is currently on appeal.

Father moved from West Chester, Pennsylvania, to Wilmington, Delaware, in December of 2014 but was still able to maintain the "50-50 custody arrangement" that was ordered in 2010. N.T. at 109, 160.

On July 28, 2014, Mother notified Father of her intent to relocate with the children to Florida because of better job opportunities and family and friend contacts. TCO, 9/16/15, at 2. On August 4, 2014, Father filed his objection to relocation. *Id.* On March 10, 2015, Mother filed a Petition for Approval of Interstate Relocation and on April 29, 2015, the trial court held a hearing on the matter. *Id.*

Testimony at trial indicated that both parents are equally involved with their children's school and activities, although father is the primary transporter of the children. N.T. at 37-38, 54, 68-70, 77-80, 135-140. Both children are happy at school and involved in sports, including football and karate. *Id.* at 67-68, 77-79, 84, 89. Both children are close with their stepsiblings. *Id.* at 110. D.W. testified that he wanted to live with Father, and A.W. testified that he wanted to live with both parents. *Id.* at 84, 89.

Father has approximately twenty relatives in the Pennsylvania area while most of Mother's immediate family members live in Florida. *Id.* at 15-17, 43, 131-134.

Father owns a successful painting business. *Id.* at 120. Mother has had various jobs in Pennsylvania, obtained her college degree in 2013, but stated that she has been unable to find a job in her field. *Id.* at 62-65.

Mother wants to attend nursing school in Florida, and has a job opportunity in Florida. *Id.* at 32, 44.

On May 13, 2015, the trial court denied Mother's Petition to Relocate and issued an Opinion and Custody Order. Mother filed a Motion for Reconsideration on May 26, 2015, which the trial court granted on June 1, 2015 so that Mother could provide documentary evidence of her efforts to obtain employment in Pennsylvania. On August 12, 2015, the trial court again denied Mother's Petition for Relocation. Mother filed a timely appeal. Mother and trial court both complied with Pa.R.A.P. 1925.

## ISSUES RAISED ON APPEAL

Mother raises the following issues on appeal:

a. Whether the Trial Court erred and/or abused its discretion concluding that the best interests of the children would be served by continuing Mother's shared physical custody on the condition that Mother remain in West Chester, Pennsylvania, rather than analyzing both the residence of Mother in Valrico, Florida, and the Father's residence in Wilmington, Delaware on equal footing in a custody determination where there was no prior primary custody determination made by the court.

b. Whether the Trial Court erred and/or abused its discretion in placing emphasis on the lack of "necessity" of the Mother's move to Valrico, Florida where the statutes and case law do not require the custodial parents to show that a move is necessary before relocation is granted.

c. Whether the Trial Court erred and/or abused its discretion in disregarding the number of factors in favor of Mother having primary custody pursuant to Pa.C.S.A. 5328(a).

d. Whether the Trial Court erred and/or abused its discretion in ignoring Pennsylvania's policy of "family unity," and failing to make any findings of "compelling reasons" (which are

mandatory) as to why the child and their two half-siblings, with whom they had grown up with, should not continue to be raised together.

e. Whether the Trial Court erred and/or abused its discretion for failing to consider Father's financial motivation for objecting to Mother's relocation.

f. Whether the Trial Court erred and/or abused its discretion by not analyzing the ten factors for relocation pursuant to 23 Pa.C.S.A. 5339(h) as stated.

g. Whether the Trial Court erred and/or abused its discretion in denying mother's request to relocate by concluding that Mother did not convince the court that relocation was in the children's best interest and to have the children's relationship with Father so materially and substantially altered.

h. Whether the Trial Court erred and/or abused its discretion by finding that [Mother] made a unilateral decision to remove the children from Pennsylvania, therefore thwarting the relationship between Father and children.

Appellant's Brief at 5-7 (re-ordered for ease of disposition).

## LEGAL ANALYSIS

In this case, the court issued an Opinion and Custody Order that addressed each of the sixteen custody factors and ten relocation factors and the record supports the findings. TCO, 5/13/15, at 5-9.

When reviewing child custody and relocation matters, our standard of review is well settled:

Our paramount concern and the polestar of our analysis in this case, and a legion of prior custody cases is the best interests of the child. The best interests standard, decided on a case-by-case basis, considers all factors which legitimately have an effect upon the child's physical, intellectual, moral and spiritual well-being. On appeal, our scope of review is broad in that we are not bound by deductions and inferences drawn by the trial court

> from the facts found, nor are we required to accept findings which are wholly without support in the record. On the other hand, our broad scope of review does not authorize us to nullify the fact-finding function of the trial court in order to substitute our judgment for that of the trial court. Rather, we are bound by findings supported in the record, and may reject conclusions drawn by the trial court only if they involve an error of law, or are unreasonable in light of the sustainable findings of the trial court. Further, on the issues of credibility and weight of the evidence, we defer to the findings on the trial judge. Additionally, appellate interference is allowed only where it is found that the custody order is manifestly unreasonable as shown by the evidence of record.

**Saintz v. Rinker**, 902 A.2d 509, 512 (Pa. Super. 2006) (citation omitted).

The Child Custody Act, 23 Pa.C.S. §§5321-5340, governs all custody proceedings commenced after January 24, 2011. **E.D. v. M.P.,** 33 A.3d 73, 77 (Pa. Super. 2011). A trial court must consider sixteen custody factors[4] when deciding a Petition for Custody and ten relocation factors[5] when deciding a Petition for Relocation. The party proposing the relocation has the burden of establishing that the relocation will serve the best interest of the child. 23 Pa.C.S. § 5337(i)(1).

We review Mother's arguments recognizing that "we are bound by findings supported in the record, and may reject conclusions drawn by the trial court only if they involve an error of law, or are unreasonable in light of the sustainable findings of the trial court." **Saintz,** 902 A.2d at 512.

---

[4] 23 Pa.C.S. § 5328(a).

[5] 23 Pa.C.S. § 5337(h).

Mother first argues that the trial court erred and/or abused its discretion by not "analyzing both the residence of Mother in Valrico, Florida, and the Father's residence in Wilmington, Delaware[,] on equal footing in a custody determination where there was no prior primary custody determination made by the court." Appellant's Brief at 5. This argument lacks merit.

Contrary to Mother's argument, the trial court did, in fact, engage in a dual analysis of both custody and relocation factors in its Opinion and Custody Order. TCO, 5/13/15, at 2-9. The trial court analyzed the sixteen custody factors and the ten relocation factors and the record supports the court's findings. *Id.* Mother and Father had been sharing physical custody of the children for four years without problem, and the custody arrangement was only in dispute when Mother chose to relocate. Our Court has deemed that in this situation a dual analysis with emphasis on relocation factors is appropriate. *See S.J.S. v. M.J.S.*, 76 A.3d 541, 554 (Pa. Super. 2013) (concluding that dual analysis, with an emphasis on relocation factors, is proper when custody arrangement is in dispute because of a relocation issue). Therefore, we find no error.

Mother next argues that the trial court erred and/or abused its discretion in placing emphasis on the lack of necessity of Mother's move to Valrico. Appellant's Brief at 5. The trial court stated:

> Mother's decision to seek removal of the children from their familiar community and family environment is based in part on

> improving her opportunity for better employment and education. However, Mother presented little evidence that she had attempted to improve these same aspects of her life while remaining in the local areas, which would allow for both parents to remain actively involved in their children's daily lives. Unlike other cases where a parent is required to move by necessity of circumstances, i.e. no job, no support, no family, etc., the instant case fails to present any such compelling reason.

TCO, 5/13/15, at 3-4.

This is a challenge to the weight of the evidence, and "on the issues of credibility and weight of the evidence, we defer to the findings of the trial judge." **Saintz,** 902 A.2d at 512. As the record supports the trial court's findings, we find no abuse of discretion.

Mother's third argument is that the trial court erred and/or abused its discretion by disregarding the number of factors in favor of Mother having primary custody pursuant to 23 Pa.C.S § 5328(a). Appellant's Brief at 5. This argument is without merit. The statute does not indicate that a trial court should grant custody to the parent who has the most factors in their favor. Rather, the standard is the "best interest of the child." 23 Pa.C.S. § 5328(a). Further, "[i]t is within the trial court's purview as the finder of fact to determine which factors are most salient and critical in each particular case." **M.J.M. v. M.L.G.**, 63 A.3d 331, 339 (Pa. Super. 2013) (citation omitted). As discussed above, it was proper for the trial court to engage in a dual custody and relocation analysis. Accordingly, we find no error or abuse of discretion.

Mother's fourth, fifth, and sixth arguments all claim that the trial court erred and/or abused its discretion by not properly considering the following: sibling relationships, father's financial motivation for objecting to mother's relocation, and the ten factors for relocation pursuant to 23 Pa.C.S. § 5339(h). We disagree.

The trial court analyzed the sibling relationships under 23 Pa.C.S. § 5328(a)(6) and made the following findings:

> The children's older half-sister and younger half-brother reside in Chester County with Mother, and have always been a part of the children's lives. The children have also established relationships with Father's new wife and her children. Relocation could affect all of these relationships.

TCO, 5/13/15, at 4. It is within the trial court's discretion to determine which factors are most significant. *See M.J.M.,* 63 A.3d at 339. These findings are supported in the record, and this Court is bound by them. *Saintz*, 902 A.2d at 512. Accordingly, we find no abuse of discretion.

The trial court analyzed father's motivation for opposing the relocation under 23 Pa.C.S. § 5337(h)(8) and made the following findings:

> Father believes that relocation would be disruptive to the children, would have a detrimental effect on his relationship with them, and would significantly impair his ability to exercise his custodial rights.

TCO, 5/13/15, at 9. The trial court chose not to address any potential financial motivation for father opposing the relocation, which is within the trial court's discretion. *See M.J.M.,* 63 A.3d at 339. The record supports

the trial court's findings and we will not disturb them. ***See Saintz***, 902 A.2d at 512. Therefore, we find no abuse of discretion.

Despite Mother's argument to the contrary, the trial court did analyze each of the ten relocation factors under 23 Pa.C.S. § 5337(h)(8) and made reasonable findings of fact based on the evidence at trial. T.C.O., 5/13/15, at 7-9. The trial court concluded:

> Mother, as the party proposing the relocation, bore the burden of establishing that relocation would serve the best interests of the children. She did not. After consideration of the above-listed factors, we deny Mother's petition to relocate, because, on balance, she has not convinced the Court that it is in the children's best interest to have their relationship with their Father so materially and substantially altered.

TCO, 5/13/15, at 9. We agree with the trial court's conclusion and find that it did not abuse its discretion.

Mother next argues that the trial court erred and/or abused its discretion when it concluded she "did not convince the court that relocation was in the children's best interest and to have the children's relationship with Father so materially and substantially altered." Appellant's Brief at 7. This argument is without merit. As discussed several times above, the trial court properly addressed sixteen custody factors and ten relocation factors and made reasonable findings of fact based on evidence presented at trial, we are bound by those findings. ***Saintz,*** 902 A.2d at 512. Accordingly, Mother's argument fails.

- 10 -

Mother's last argument is that the trial court erred and/or abused its discretion by "finding that [Mother] made a unilateral decision to remove the children from Pennsylvania, therefore thwarting the relationship between Father and children." Appellant's Brief at 6.

With respect to its analysis of Section 5328(a)(1), the trial court stated:

> Based on her unilateral decision in the past to remove the children from Pennsylvania without Father's agreement, there is some doubt regarding how much Mother will encourage such contact between the children and Father that does not meet her terms. However, in recent years, both parties have encouraged such conduct, and it is anticipated that this conduct will continue…

TCO, 5/13/15, at 2. Then, with respect to its analysis of Section 5337(h)(5), the trial court stated:

> As previously mentioned, Mother in the past made the unilateral decision to remove the children from Pennsylvania. However, there is no established pattern of conduct by either party to thwart the relationship between the children and the other party.

*Id.* at 8.

Regarding whose decision it was for Mother to move to Florida in December of 2007, the testimony of the parties is ambiguous. Mother testified, "I went ahead and I had got a moving truck and we packed up the kids and we went and resided with my parents [in Florida]." N.T. at 21. Mother went on to testify that Father joined her and the kids at the end of the month to celebrate Christmas. *Id.* Father testified:

> In 2007, the end of the year came, and December 20th, 19th and 20th, it was, we called a moving truck. We kind of knew we were done. We were officially done, probably several times before that, but I think it drug [*sic*] out so that's when we had the final we are done conversation. The plan was to go to Florida. She was to go to Florida. We had Christmas, and then my son's birthday, [A.W.]'s birthday was a few days after Christmas. So the plan was to go down. She went down first. I believe I flew down, and I hung around until after my son's birthday. In that time, of course, we're in a relationship and we are at a crossroads. We don't know who's going where with what. What are we going to do….[W]e eventually had a discussion of what will happen. We came to the conclusion that I was in a better place to provide for the children. I was working. I could take care of them. I can get them where they need to be and [Mother] was unemployed….I came back and I had [A.W.] and [D.W] for a period of time after that.

N.T. at 123-125.

It is not clear from the testimony that Mother made a "unilateral" decision to move to Florida. Rather, there is no actual testimony as to whether it was Mother's decision, Father's decision, or a joint decision. However, it is clear that Father helped her move, talked with her about decisions, and they both agreed that Mother would remain in Florida while Father went back to Pennsylvania with the children for a period of time. Accordingly, we find that the trial court incorrectly characterized Mother's December 2007 decision to move to Florida as "unilateral" when the record does not support that conclusion. N.T. at 23, 123-125.

Nevertheless, we conclude Mother was not adversely affected by this error because the trial court did not use it to make findings against Mother. Rather, the court concluded: "…in recent years, both parties have

- 12 -

encouraged [frequent and continuing contact], and it is anticipated that this conduct will continue" and "…there is no established pattern of conduct by either party to thwart the relationship between the children and the other party." TCO, 5/13/15, at 2, 8.

For the reasons discussed above, we conclude that the trial court did not abuse its discretion or err as a matter of law in denying Mother's Petition to Relocate and in ordering that Mother and Father continue to share legal and physical custody of the couple's two children.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/31/2016